IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00396–REB–KMT

ELISA GARLAND,

    Plaintiff,

v.

THE BOARD OF EDUCATION OF DENVER PUBLIC SCHOOL DISTRICT NO. 1, a political subdivision of the State of Colorado,
JACKIE SCHNEIDER, in her individual and official capacity,
JOHN YOUNGQUIST, in his individual and official capacity,
WILLIAM EWING, in his individual and official capacity, and
SHAWN ALLEGREZZA, in her individual and official capacity,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Plaintiff's Motion for Leave to Amend Complaint." (Doc. No. 76, filed Jan. 31, 2012.) After the court expedited briefing (*see* Doc. No. 78, filed Feb. 1, 2012), Defendant responded on February 7, 2012 (Doc. No. 83 [Resp.]) and Plaintiff replied on February 10, 2012 (Doc. No. 86 [Reply]). For the following reasons, the court recommends that Plaintiff's Motion be denied.

In her Motion, Plaintiff seeks to set forth additional facts learned after completing Defendants' Fed. R. Civ. P. 30(b)(6) representatives' deposition. (Mot. at 1.) Specifically, Plaintiff seeks to add additional allegations that Defendant Allegrezza and Defendant Ewing

were following Denver Public School's policies and protocols "when contacting law enforcement on April 19 and April 21, 2010," which led to Plaintiff's arrest. (*Id.* at 1-2.) Notably, Plaintiff does not seeks to add additional claims or defendants to her Complaint (Doc. No. 1, filed Feb. 15, 2011). Plaintiff concedes that the deadline to amend the pleadings passed on July 13, 2011. (*See* Doc. No. 26, filed May 25, 2011, at 7.)

## LEGAL STANDARD

Because Plaintiff filed her motion after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a). This court has stated that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, she must also satisfy the requirements of Rule 15(a) for amending the pleadings.[1] Under Rule 15(a), a court

---

[1] In her Reply, Plaintiff appears to shift her argument to Fed. R. Civ. P. 15(d), which provides for the filing of a supplemental pleading setting out any transaction, occurrence of that happened after the date of the pleading to be supplemented. (Mot. at 3-5.) Here, however, the

2

should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

Although the parties dispute whether Plaintiff has complied with the good cause standard of Rule 16(b)(4) (*compare* Mot. at 5 *with* Resp. at 7-8), in the interests of judicial economy[2] the court assumes that Plaintiff diligently pursued the recent discovery that gave way

---

additional allegation are not based on any events occurring after the original pleading; rather they are based on *discovery* that occurred after the initial pleadings. (*Id.* at 4-5.) That discovery merely uncovered additional facts relating to the events outlined in Plaintiff's original Complaint. (*Id.*) Regardless, the court notes that the standard governing Rule 15(d) supplemental pleadings is the same as the standard governing a motion under Rule 15(a). *Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.,* 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003.)

[2] The court notes that Plaintiff's Motion was not fully briefed until the date of the Recommendation, and that the Dispositive Motions Deadline is set for the next business day,

3

to her proposed amendments. Nevertheless, the court finds that Plaintiff's proposed amendments would unduly prejudice Defendants.

The Tenth Circuit has held that "the most important[] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1208 (10th Cir. 2006).

> Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raises significant new factual issues.

*Id.* (citations and internal quotation marks omitted).

Here, it is less than clear that Defendants would be prejudiced in preparing their defense to the amendment. However, *Minter* does not foreclose courts from raising different forms of prejudice than the paradigmatic example identified in *Minter*. *See id.* Specifically, the court finds that the *Minter's* use of "typically" and "most often" leaves the court with ample discretion to find other forms of prejudice. *Id.* This is such a case.

Plaintiff's proposed Amended Complaint (Doc. No. 76-3 [Am. Compl.]) adds only two additional allegations, which are nearly identical. Specifically, paragraph 42 of the proposed

---

February 13, 2012. Accordingly, in order to give the parties' some certainty as to the operative pleadings prior to the filing of any dispositive motions, the court has endeavored to expedite a recommended resolution of this matter. For the same reason, the court's analysis in this Recommendation is limited to the single issue that persuades the court to find that Plaintiff's Motion is properly denied—specifically, undue prejudice—notwithstanding the fact that the parties have raised several additional arguments.

Amended Complaint provides as follows:

> At all relevant times, the Defendants were acting under color of state law when relaying the statements to Denver Police Officers which led to the violation of Plaintiff's Fourth Amendment Rights under the United States Constitution. Moreover, Defendants were acting under the policy, custom and procedures of Denver Public School when relaying the statements to Denver Police Officers.

(*Id.* ¶ 42.)  Similarly, Paragraph 51 provides that

> At all relevant times, the Defendants were acting under color of state law when violating Plaintiff's Fourteenth Amendment Rights under the United States Constitution. Moreover, Defendants were acting under the policy, custom and procedures of Denver Public School when violating Plaintiff's rights.

(*Id.* ¶ 51.)

Defendants filed their "Motion to Dismiss Federal Law and Defamation Claims" on May 9, 2012.  (Doc. No. 17, filed May 9, 2011.)  In their Motion to Dismiss, Defendants do argue that Defendants Ewing and Allegrezza were not acting under color of state law in reporting Plaintiff's alleged threats to the police.  (*Id.* at 4-5.)  Thus, it appears that Plaintiff's proposed amendments are intended to cure the deficiencies raised in Defendants' Motion to Dismiss.  Curing deficiencies is undoubtedly a permissible basis for granting leave to amend the complaint.  *Curley v. Perry,* 246 F.3d 1278, 1284 ("We reiterate that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.")

However, here Plaintiff's proposed amendments add little, if anything, to the allegations of her original Complaint.  The new allegations included in paragraphs 42 and 51 of the proposed Amended Complaint are patently conclusory insofar as they fail to include any factual

5

enhancements to support Plaintiff's position that "the Defendants were acting under color of state" when they allegedly violated Plaintiff's constitutional rights.  (Am. Compl. ¶¶ 42, 51.)  A court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  Accordingly, the court that the value of Plaintiff's proposed allegations to District Judge Robert E. Blackburn's analysis of Defendants' Motion to Dismiss is, at very best, negligible.

Defendants correctly argue that allowing Plaintiff to amend her Complaint to add these additional allegations would moot their Motion to Dismiss.  *See, e.g., Brunet v. The Quizno's Franchize Co. LLC,* 07-cv-01717-EWN-KMT, 2008 WL 4380590, at *1 (D. Colo. Sept. 24, 2008) (citing *Gilles v. United States,* 906 F.2d 1386, 1389 (10th Cir. 1990) (finding the defendants' motion to dismiss as moot because it was directed an inoperative pleading); *Gilles,* 906 F.2d at 1389 ("[A] pleading that has been amended under Rule 15[a] supercedes the pleading it modifies . . . .")  Defendants' Motion to Dismiss has been pending now for over eight months.  Because Plaintiff's proposed amendments add little, if anything, of substance to its original Complaint, the court finds that rendering Defendants' Motion to Dismiss at this late juncture would be severely prejudicial, particularly with the looming dispositive motions deadline.  Accordingly, the court finds that Plaintiff's Motion is properly denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

"Plaintiff's Motion for Leave to Amend Complaint" (Doc. No. 76) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala*

*v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 10th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge