**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00396-REB-KMT

ELISA GARLAND,

      Plaintiff,

v.

THE BOARD OF EDUCATION OF DENVER PUBLIC SCHOOL DISTRICT NO. 1, a
political subdivision of the State of Colorado,
JACKIE SCHNEIDER, in her individual and official capacity,
JOHN YOUNGQUIST, in his individual and official capacity,
WILLIAM EWING, in his individual and official capacity, and
SHAWN ALLEGREZZA, in her individual and official capacity,

      Defendants.

---

**ORDER CONCERNING DEFENDANTS' MOTION
TO STRIKE EXPERT WITNESS DISCLOSURES**

---

**Blackburn, J.**

      This matter is before me on the defendants' **Motion To Strike Plaintiff's Expert

Witness Disclosures** [#54][1] filed October 31, 2011.  The plaintiff filed a response [#66],

and the defendants filed a reply [#71].  This motion was referred [#55] initially to the

United States magistrate judge assigned to this case.  To the extent the motion

concerns the plaintiff's compliance with FED. R. CIV. P. 26(a)(2), the magistrate judge

will resolve that issue.  Concerning the issue implicating Fed.R.Evid. 704 and related

---

[1]  "[#54]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

law, I will resolve the issue.[2]   To the extent the defendants' motion challenges the admissibility of expert opinion testimony under Fed.R.Evid. 704, the motion is granted.

This case concerns criminal charges filed against the plaintiff based on reports made by some of the defendants.  Ultimately, the charges were dismissed.  Based on those events, the plaintiff asserts in her complaint [#1] a claim under the Fourth Amendment.  In essence, the plaintiff's claim under the Fourth Amendment is for malicious prosecution.  To establish such a claim, the plaintiff must prove:

> (1) the defendant caused the plaintiff's continued
> confinement or prosecution; (2) the original action terminated
> in favor of the plaintiff; (3) there was no probable cause to
> support the original arrest, continued confinement, or
> prosecution; (4) the defendant acted with malice; and (5) the
> plaintiff sustained damages.

*Novitsky v. City Of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007).

As argued by the plaintiff, the expert testimony challenged by the defendants is relevant to the third element, which requires proof that "there was no probable cause to support the original arrest, continued confinement, or prosecution." *Id*.  In her expert witness disclosure, the plaintiff disclosed two non-retained experts, Peter Frigo and Vince DiCroce.  Both Mr. Frigo and Mr. DiCroce are lawyers who work for the Denver City Attorney's Office.  Both Mr. Frigo and Mr. DiCroce were involved in the prosecution and dismissal of the criminal charges against the plaintiff.  *Motion To Strike Plaintiff's Expert Witness Disclosures* [#54], Exhibit A (Expert Witness Disclosure).

In her disclosure, the plaintiff described the expert opinions to which she expects Mr. Frigo and Mr. DiCroce to testify:

---

[2] Initially, the defendants' motion was referred [#55] to the magistrate judge.  However, this court generally does not refer to a magistrate judge motions concerning Fed.R.Evid. 702, 704, and related law. To the extent the motion raises issues concerning Fed. R. Evid. 704, and related law, after consultation with the magistrate judge, I withdraw the reference.

> [The witness] will opine as to why he moved to dismiss the charges
> against the Plaintiff.  In particular, [the witness] will opine that the charges
> against the Plaintiff were dismissed because: (1) the inconsistent
> statements made by witness Shawn Allegrezza and (2) there was no
> credible evidence that Plaintiff made threatening and/or illegal statements.
> The opinions of [the witness] will include the standard a prosecuting
> attorney considers in evaluating whether to dismiss criminal charges.
> Such standard includes that a prosecuting attorney shall refrain from
> prosecuting a charge that is not supported by probable cause and that
> guilt is decided upon the basis of sufficient evidence and that a prosecutor
> must prevent the conviction of innocent persons. . . . . [The witness] will
> opine that probable cause did not exist to continue to prosecute the
> Plaintiff.

*Expert Witness Disclosure*, pp. 2 - 3.

The defendants argue that because the opinion articulates and applies the relevant law, it is not admissible.  Fed.R.Evid. 704(a) provides that an "opinion is not objectionable just because it embraces an ultimate issue."  However, while testimony on ultimate issues of fact is authorized by Rule 704(a),

> testimony on ultimate questions of law is not favored. The basis for this
> distinction is that testimony on the ultimate factual questions aids the jury
> in reaching a verdict; testimony which articulates and applies the relevant
> law, however, circumvents the jury's decision-making function by telling it
> how to decide the case.

*Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988).  In addition, such testimony invades the authority of the trial court to instruct the jury on the applicable law.  *Id*. at 807.  Stated differently, an expert "may not state legal conclusions drawn by applying the law to the facts, [although] an expert may refer to the law in expressing his or her opinion."  *U.S. v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) (citation and internal quotation omitted).

As described in the plaintiff's Expert Witness Disclosure, much of the proposed expert testimony of Mr. Frigo and Mr. DiCroce articulates relevant legal standards and applies those standards to the facts of this case.  Under Fed.R.Evid. 704, as codified

and construed, the expert opinion testimony of Mr. Frigo and Mr. DiCroce is not admissible in evidence to the extent that testimony articulates relevant legal standards and applies those standards to the facts of this case. Such testimony constitutes testimony on ultimate questions of law, which testimony usurps impermissibly both the role of the court and the jury.

**THEREFORE, IT IS ORDERED** as follows:

1.  That after consultation with the assigned magistrate judge, the referral [#55] of the defendants' **Motion To Strike Plaintiff's Expert Witness Disclosures** [#54] filed October 31, 2011, to the extent this motion raises issues concerning Fed.R.Evid. 704, and related law, is **WITHDRAWN**;

2.  That under Fed. R. Evid. 704 and related law, the defendants' **Motion To Strike Plaintiff's Expert Witness Disclosures** [#54] filed October 31, 2011, is **GRANTED** as to any proposed expert opinion testimony by Peter Frigo and Vince DiCroce that addresses: (a) the legal standard a prosecuting attorney considers when determining whether to dismiss criminal charges; (b) any legal standard that requires a prosecuting attorney to refrain from prosecuting a charge that is not supported by probable cause; (c) the legal standard for determining guilt in a criminal trial; (d) that a prosecutor must prevent the conviction of innocent persons; and (e) that probable cause did not exist to continue the prosecution of the plaintiff;

3.  That the testimony specified in paragraph two (2), above, is **EXCLUDED** from evidence in this case;

4.  That otherwise, the defendants' **Motion To Strike Plaintiff's Expert Witness Disclosures** [#54] filed October 31, 2011, is **DENIED** as to the defendants' challenge to the testimony of Peter Frigo and Vince DiCroce under Fed. R. Evid. 704 and related

4

law; and

     5.  That the referral [#55] of the defendants' **Motion To Strike Plaintiff's Expert Witness Disclosures** [#54] filed October 31, 2011, to the extent the motion concerns the plaintiff's compliance with FED. R. CIV. P. 26(a)(2), **SHALL REMAIN** in effect.

     Dated February 14, 2012, at Denver, Colorado.

                     **BY THE COURT:**

                     Robert E. Blackburn
                     United States District Judge