IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00396–REB–KMT

ELISA GARLAND,

     Plaintiff,

v.

THE BOARD OF EDUCATION OF DENVER PUBLIC SCHOOL DISTRICT NO. 1, a political subdivision of the State of Colorado,
JACKIE SCHNEIDER, in her individual and official capacity,
JOHN YOUNGQUIST, in his individual and official capacity,
WILLIAM EWING, in his individual and official capacity, and
SHAWN ALLEGREZZA, in her individual and official capacity,

     Defendants.

## ORDER

This matter is before the court on Defendants' "Motion to Strike Plaintiff's Expert Witness Disclosures." (Doc. No. 54, filed Oct. 31, 2011.) Plaintiff filed her response on November 22, 2011 (Doc. No. 66) and Defendants filed a reply on December 16, 2011 (Doc. No. 71). Although originally referred to this court for disposition in its entirety (Doc. No. 55), on February 14, 2012, District Judge Robert E. Blackburn partially withdrew his referral of Defendants' Motion. (Doc. No. 89.) Specifically, Judge Blackburn withdrew his referral as to Defendants' argument that Plaintiff's designated experts' proposed testimony violates Fed. R. Evid. 704. (Doc. No. 89.) Accordingly, the Motion is before the court, and ripe for ruling, only as to Defendants' argument that Plaintiff failed to comply with Fed. R. Civ. P. 26(a)(2).

In their Motion, Defendants seek to strike Plaintiff's expert disclosures of Peter Frigo and Vince DiCroce, both of whom were disclosed on August 31, 2011 as non-retained experts. Mr. Frigo and Mr. DiCroce were Assistant City Attorneys with the Denver City Attorney's Office and were responsible for prosecuting the underlying criminal charges against Plaintiff relevant to this case. Defendants maintain Plaintiff failed to comply with Fed. R. Civ. P. 26(a)(2)(C) because neither Plaintiff or her counsel contacted Mr. DiCroce or Mr. Frigo prior to disclosing them as expert witnesses and thus Plaintiff's disclosure of the substance of their proposed testimony is "based on nothing more than Plaintiff's own speculation." (*See* Mot. at 3-4.)

Federal Rule of Civil Procedure 26(a)(2)(C) provides, for non-retained witnesses, a party must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; (ii) and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii). Notably, Defendants do not mount a facial attack on the actual substance of Plaintiff's Rule 26(a)(2) disclosures. Rather, they contend that because "[n]either Plaintiff nor her attorney contacted Mr. DiCroce or Mr. Frigo prior to designating each as an expert witness . . . Plaintiff has no reasonable basis for her statement as to what facts and opinions either witness's testimony will likely include much less her repeated statements that Mr. Frigo and Mr. DiCroce 'will' testify to specific matters." (*Id.*)

Based on the court's review of Rule 26(a)(2)'s plain language, as well as the Advisory Committee notes, the court finds that Rule 26 does not affirmatively require that a disclosing party meet and confer with a non-retained expert to discuss the subject matter of that expert's

anticipated testimony.[1]  Rather, the Advisory Committee Notes tend to suggest the opposite.  First, the court notes that a Rule 26(a)(2)(C) "disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)."  Advisory Committee Notes to 2000 Amendments to Rule 26.  Thus, courts should not scrutinize a party's disclosures of a non-retained expert at the same level as it would with respect to a specially retained expert.

More to the point, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and *may not be as responsive to counsel as those who have.*"  *Id.* (emphasis added).  Thus, the Advisory Committee Notes explicitly contemplate the scenario where a party may not have extensive contact with a non-retained expert prior to serving its disclosures.

In light of this guidance, the court does not read Rule 26(a)(2) to include a requirement that a party affirmatively confer with a non-retained expert regarding the substance of his or her testimony prior to disclosing the latter as an expert witness.  *Cf. Nagle v. Mink,* 10-cv-01935-PAB-MEH, 2011 WL 3861435, at *3 (D. Colo. Aug. 29, 2011) (unpublished) ("Rule 26(a)(2) addresses only the *sufficiency of the disclosure.*") (emphasis added).  As such, the court finds that striking Plaintiff's disclosures of Mr. DiCroce and Mr. Frigo as non-retained experts would be unwarranted.  This is not to suggest that there are no limits on a party's ability to disclose a non-retained expert.  For example, Rule 26(e) provides an ongoing duty to supplement Rule

---

[1] The court notes that the amendment to add Subsection C to Rule 26(a)(2) took effect on December 1, 2010.  Thus, given Subsection C's relative infancy, there is limited case law construing this rule generally, let alone as to the precise question raised by Defendants.

26(a) disclosures if the party learns that the disclosures are incomplete or inaccurate, Fed. R. Civ. P. 26(e), and Rule 37(c)(1) provides that a party failing to comply with that duty will not be allowed to use that information at trial, Fed. R. Civ. P. 37(c)(1).  Thus, if a party's disclosures are materially inaccurate because she failed to confer with a disclosed non-retained expert or failed to alter her disclosures in light of additional discovery, she may well be prohibited from presenting that witness at trial.

Accordingly, for the foregoing reasons, it is

ORDERED that Defendants' "Motion to Strike Plaintiff's Expert Witness Disclosures" (Doc. No. 54) is DENIED in part to the extent that it seeks to strike Plaintiff's expert disclosures for failure to comply with Fed. R. Civ. P. 26(a)(2)(C).

Dated this 16th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge