**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00396-REB-KMT

ELISA GARLAND,

    Plaintiff,

v.

THE BOARD OF EDUCATION OF DENVER PUBLIC SCHOOL DISTRICT NO. 1, a political subdivision of the State of Colorado,
JACKIE SCHNEIDER, in her individual and official capacity,
JOHN YOUNGQUIST, in his individual and official capacity,
WILLIAM EWING, in his individual and official capacity, and
SHAWN ALLEGREZZA, in her individual and official capacity,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the **Plaintiff's Motion for Leave To Amend Complaint** [#76][1] filed January 31, 2012; and (2) the **Recommendation of United States Magistrate Judge** [#87] filed November 8, 2011. The plaintiff filed objections [#93]. The magistrate judge recommends that the motion to amend be denied. I overrule the objections, adopt the recommendation, and deny the motion to amend.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendations to which objections have been filed. I have considered carefully the

---

[1] "[#76]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

motions, recommendations, objections, and applicable caselaw.

In her motion, the plaintiff, Elisa Garland, says she seeks to amend her complaint to add

> facts to include facts that Defendant Allegrezza and Defendant Ewing admittedly were following the Denver Public School's policies and protocols when contacting law enforcement on April 19 and April 21, 2010, which contact led to the arrest of the Plaintiff. The Plaintiff seeks leave to amend her Complaint to reflect her "true positions and claims" by, inter alia, adding certain facts discovered in the course of discovery, clarifying her Fourth and Fourteenth Amendment claims.

*Motion* [#76], pp. 1 - 2.  Ms. Allegrezza and Mr. Ewing, who are both employees of the school where the plaintiff was employed, were involved in making a report to police officers concerning the plaintiff, which report led to the plaintiff's arrest.  the reports of Ms. Allegrezza and Mr. Ewing to the police form part of the basis for the plaintiff's two claims under 42 U.S.C. § 1983.  The plaintiff names the Board of Education of Denver Public Schools District No. 1 (School Board) as a defendant in both of these claims.

As grounds for her motion to amend, Ms. Garland cites deposition testimony of Mr. Ewing and John Younquist, both of whom are administrators at the school where Ms. Garland was employed.  Mr. Ewing testified that it is the policy and practice of the school to contact law enforcement if there is a security issue.  Further, he testified that pursuant to this policy, he contacted law enforcement about alleged threats made by Ms. Garland.  Similarly, Mr. Youngquist testified that it is the policy of the school to contact law enforcement if a threat is made against a teacher.

The proposed amendments would add two additional sentences to the Complaint.  First, Ms. Garland proposes to add a final sentence to paragraph 42, part of her Fourth Amendment claim.  The proposed addition reads: "Moreover, Defendants were acting under the policy, custom and procedures of Denver Public School (sic)

2

when relaying the statements to Denver Police Officers." *Proposed amended complaint* [#76-3], ¶ 42. Second, Ms. Garland proposes to add a final sentence to paragraph 51 of the complaint, part of her Fourteenth Amendment claim. The proposed addition reads: "Moreover, Defendants were acting under the policy, custom and procedures of Denver Public School when violating Plaintiff's rights." *Id.*, ¶ 51.

In her objection [#93] to the recommendation, Ms. Garland says the amendments are focused on the policy, procedure, and customs of the School Board. *Objection* [#93], p. 3. Clearly, this is an effort to support Ms. Garland's contention that the individual defendants' alleged actions were authorized by school board policy or custom, all in an effort to impose liability under § 1983 on the school board. **See, e.g., Monell v. Department of Social Services**, 436 U.S. 658, 690, 694 (1978); **D.T. v. Independent School District**, 894 F.2d 1176, 1187 (10th Cir. 1990).

However, I conclude that the proposed amendments are futile because they do not even come close to supporting a claim for liability of the School Board under **Monell** and its progeny. This is particularly true under the law established in **Ashcroft v. Iqbal**, 556 U.S. 662 (2009), and related cases.[2]

As Ms. Garland notes that while the magistrate judge analyzed the motion to amend under the color of state law requirement of § 1983, the proposed amendments were intended to address **Monell** issues. That is true, but the analysis of the magistrate judge remains correct no matter which of these two issues draws focus. The proposed additional allegations do not add any appreciable support to the plaintiff's § 1983 claims

---

[2] I discuss my analysis of this issue, including the plaintiff's proposed amendments, in greater detail in my order concerning the defendants' motion to dismiss. That order is issued concurrently with this order.

3

whether analyzed under the color of state law element or under *Monell*.

Either way, the proposed amendments are futile. Although Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," I have discretion to decline leave to amend when, *inter alia*, amendment would be futile or where there has been undue delay. ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993). In that analytical context, the conclusion of the magistrate judge concerning the prejudice an amendment would cause to the defendants is correct.

**THEREFORE, IT IS ORDERED** as follows:

1. That with the additional analysis stated in this order, the **Recommendation of United States Magistrate Judge** [#87] filed November 8, 2011, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the plaintiff's objections [#93] to the recommendation are **OVERRULED**; and

3. That the **Plaintiff's Motion for Leave To Amend Complaint** [#76] filed January 31, 2012, is **DENIED**.

Dated March 26, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

4